**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

NEWPORT NEWS SHIPBUILDING AND
DRY DOCK COMPANY,

*Petitioner,*

v.

DENNIS ROWSEY; DIRECTOR,
OFFICE OF WORKERS' COMPENSATION
PROGRAMS, UNITED STATES
DEPARTMENT OF LABOR,

*Respondents.*

No. 01-1995

On Petition for Review of an Order
of the Benefits Review Board.
(BRB No. 00-628)

Submitted: January 18, 2002

Decided: February 12, 2002

Before LUTTIG, MICHAEL, and KING, Circuit Judges.

Dismissed by unpublished per curiam opinion.

## COUNSEL

James M. Mesnard, SEYFARTH SHAW, Washington, D.C., for Petitioner. Paul A. Weykamp, Baltimore, Maryland, for Respondents.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Newport News Shipbuilding and Dry Dock Co. ("Newport News") seeks judicial review of a July 23, 2001 Benefits Review Board ("Board") order dismissing Dennis W. Rowsey's appeal of an administrative law judge (ALJ) decision and remanding the case to the Office of the District Director for reconstruction of the record. We dismiss.

Rowsey filed a claim for workers' compensation benefits under the Longshore and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C.A. §§ 901-950 (West 2001), alleging he sustained work-related injuries while employed by Newport News. Following a formal hearing, the ALJ denied benefits. Rowsey timely appealed to the Board on March 15, 2000. On July 23, 2001, the Board, noting the official record had not been forwarded to its office and that it could not consider the merits of Rowsey's appeal without the record, dismissed the appeal and remanded it to the Office of the District Director for reconstruction of the record.

Newport News filed a petition for judicial review of the July 23, 2001 order, arguing the ALJ's decision was automatically affirmed on March 15, 2001 pursuant to the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 ("1996 Appropriations Act").* Newport News seeks an order vacating

---

*The 1996 Appropriations Act expired at the end of fiscal year 1996. The Consolidated Appropriations Act for Fiscal Year 2001, Pub. L. No. 106-554, 114 Stat. 2763 (2000) ("2001 Appropriations Act"), covers the time period in which the Board issued its July 23, 2001 order. The 2001 Appropriations Act contains a similar provision to the 1996 Act and requires the Board to render a decision within one year of the date an appeal is filed; otherwise, the appeal is considered automatically affirmed on the one-year anniversary of the filing of the appeal.

the July 23, 2001 Board order. Rowsey argues the July 23, 2001 order should not be vacated because the Board has not decided the merits of his appeal of the ALJ decision. The Director of the Office of Workers' Compensation Programs ("Director") has filed a motion to dismiss Newport News' petition. The Director argues Newport News is not an aggrieved party under the LHWCA.

The LHWCA provides that "[a]ny person adversely affected or aggrieved by a final order of the Board may obtain a review of that order in the United States court of appeals . . . ." 33 U.S.C.A. § 921(c). To be an aggrieved person within the meaning of § 921(c), the party must have "suffered an injury in fact, economic or otherwise." *Director, Office of Workers' Compensation Programs v. Newport News Shipbuilding & Dry Dock Co.*, 8 F.3d 175, 180 (4th Cir. 1993), *aff'd*, 514 U.S. 122 (1995). Because the ALJ denied Rowsey's claim for workers' compensation benefits and Newport News has not been required to pay benefits, Newport News has made no showing that it has suffered an injury in fact. Because Newport News is not adversely affected or aggrieved within the meaning of the LHWCA, we decline to review the July 23, 2001 Board order. Accordingly, we grant the Director's motion to dismiss and dismiss Newport News' petition. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*